UNITED STATES OF AMERICA

vs.                                         2:06-cr-77-FtM-29DNF

JAMES LEONARD CARTER, JR.
_____

**<u>OPINION AND ORDER</u>**

     This matter comes before the Court on defendant's Motion for New Trial (Doc. #85), Petitioner James L. Carter's Affidavit in Support of His Motion for New Trial (Doc. #86), Memorandum of Points and Authority in Support of Motion for New Trial (Doc. #87), Motion to Conduct an Evidentiary Hearing on Motion for New Trial (Doc. #88), and Motion to Proceed in Forma Pauperis (Doc. #89), all filed on July 24, 2009. For the reasons set forth below, the motions are denied.

    Defendant James Leonard Carter, Jr. was convicted after a jury trial of possession with intent to distribute five or more grams of cocaine base and possession with intent to distribute cocaine. The Eleventh Circuit Court of Appeals summarized the trial testimony as follows:

> At the trial, Michael Pepitone and Steve Harris, Glades County Sheriff's Office detectives, testified that they pulled over a silver Chrysler for violating the Florida "Move Over Act." Detective Pepitone testified that three people were in the Chrysler, and Carter was seated in the middle of the back seat. Both detectives testified that they smelled marijuana coming from the Chrysler. According to Detective Pepitone, after Detective Harris's canine made a positive alert to the car, Pepitone searched the three bags in the back seat--two were small

suitcases, and the third was a tan gym duffle bag to the right of Carter.

Detective Pepitone testified that he found in the tan duffle bag thirteen small pink-colored baggies that contained 5.9 grams of cocaine, a hardcover Bible inscribed to "James and Roquesa," and personal clothing. He also found in the duffle a sneaker box labeled for black Nike Air Jordans that contained a large clear ziploc baggie of a plate, a small measuring spoon, and a razor blade, all with cocaine residue; a pharmaceutical pill bottle of crack cocaine pieces totaling 7.1 grams; another pill bottle with 11 grams of cocaine; a large baggie of marijuana; three pairs of scissors; two digital scales; and another set of plastic bags containing many small bags that displayed an Apple icon, which Detective Pepitone testified are commonly used to package drugs. Detective Harris testified that while Detective Pepitone searched the duffle bag, Harris observed Carter putting his head down "in a negative motion" and shaking his head in a "defeated fashion," and that neither of the other passengers had any physical reaction to the search. Detective Harris also testified that Carter would not claim ownership of the tan duffle bag. Neither the tan duffle bag nor the items inside were analyzed for fingerprints.

Both detectives also testified that they recalled Carter wearing Nike Air Jordans, but could not remember the color of the shoes. Detective Pepitone further testified that neither of the other two passengers were wearing Nike Air Jordans.

Carter testified on his own behalf. Carter admitted that the Bible was his, but denied that the Bible was inside the tan duffle bag, and denied ownership of the tan duffle bag and its contents.FN1 According to Carter, Detective Pepitone stated that the drugs belonged to Carter even before he opened the box in the duffle bag, and charged Carter with all of the drugs because Carter was the only person in the car who had gold teeth and for his refusal to stop talking. Carter also testified that the shoes he was wearing when arrested were mostly blue with black trim, and that another passenger in the car also was wearing Nike Air Jordans. After Carter testified, he rested his case and did not move for judgment of acquittal.

> FN1. Roquesa Whiley, Carter's girlfriend, testified that she gave and inscribed to Carter the Bible found in the car. Whiley did not know if the tan duffle bag belonged to Carter, but she never knew Carter to own a tan duffle bag. Whiley never saw Carter carrying a black Nike box.
>
> The government recalled Detectives Pepitone and Harris as rebuttal witnesses. According to Detective Pepitone, the only conversation he had with Carter was at the beginning of the traffic stop when he requested Carter's identification. Both detectives testified that Carter was not talkative.

United States v. Carter, 284 Fed. Appx. 751, 752-53 (11th Cir. 2008).

Defendant's Motion for a New Trial, filed pursuant to Fed. R. Crim. P. 33, claims newly discovered evidence that would have changed the outcome of the case. Specifically, defendant attaches an Affidavit from each of the two other occupants of the vehicle. Each affidavit states that the person "did not see" any kind of duffle bag when the vehicle was stopped by the police. From this defendant argues "there was not a Tan duffel bag in the vehicle when it was searched," (Doc. #87, p. 3), and that without such a tan duffel bag there is no evidence supporting his conviction.

A new trial based on newly discovered evidence is warranted only if: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." United States v.

Thompson, 422 F.3d 1285, 1294 (11th Cir. 2005) (quotation omitted). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." Id. (quotation omitted).

Assuming that defendant has or can satisfy the first two requirements, he has not and cannot satisfy any of the others. The new Affidavits are, at best, merely cumulative or impeaching. Not only do they impeach the officers, but they impeach the testimony of Carter at trial. During his trial testimony, Carter did not dispute the existence of the tan duffel bag. Rather, petitioner affirmatively acknowledged the existence of the tan duffel bag, but claimed it was not his bag. (Doc. #79, pp. 108-10, 118-19.) As the Eleventh Circuit noted, "There is no dispute that drugs were found in the tan duffle bag." Carter, 284 Fed. Appx. at 754. The evidence was not material, since neither Affidavit states there was no tan duffel bag, only that the occupants did not see one. Finally, neither Affidavit contains evidence of such a nature that would generate a different result at a new trial.

When the resolution of a motion for new trial is clear, as it is in this case, a district court is not required to hold an evidentiary hearing. United States v. Jernigan, 341 F.3d 1273, 1289 (11th Cir. 2003). Additionally, the undersigned was the trial judge in this case, and a district court's familiarity with a case can allow the court to rule on a motion for a new trial based on new evidence without holding an evidentiary hearing. See United

States v. Schlei, 122 F.3d 944, 994 (11th Cir. 1997). The Court finds no evidentiary hearing is warranted in this case.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for New Trial (Doc. #85) is **DENIED**.

2. Defendant's Motion to Conduct an Evidentiary Hearing on Motion for New Trial (Doc. #88) is **DENIED.**

3. Defendant's Motion to Proceed in Forma Pauperis (Doc. #89) is **DENIED AS MOOT.**

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of April, 2010.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
James Leonard Carter, Jr.