UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES LEONARD CARTER, JR.,

        Petitioner,

vs.                          Case No. 2:09-cv-444-FtM-29DNF
                             Case No. 2:06-cr-77-FtM-29DNF

UNITED STATES OF AMERICA,

        Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner James Leonard Carter, Jr.'s (petitioner or Carter) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #84)[1] filed on July 14, 2009. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on November 18, 2009 (Cv. Doc. #13). Petitioner thereafter filed a Rebuttal (Cv. Doc. #14) on December 3, 2009. For the reasons set forth below, the motion is denied.

**I.**

After a jury trial, petitioner was convicted of possession with the intent to distribute crack cocaine, in violation of 21

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

U.S.C. § 841(a)(1), (b)(1)(B)(iii), and possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On direct appeal his convictions were affirmed. United States v. Carter, 284 Fed. Appx. 751 (11th Cir. 2008). The matter is now before the Court on petitioner's timely § 2255 motion.

**II.**

**A. Jury Selection**

Petitioner argues that his Equal Protection right under the Fourteenth Amendment of the United States Constitution was violated because "negroes" were excluded from his jury. Petitioner asserts that he is an African-American, and that there were no other negroes or African-Americans on the panel from which his jury was selected. This systematic exclusion resulted in a pool of all white prospective jurors and an all white jury.

It is without question that the Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community. Taylor v. Louisiana, 419 U.S. 522 (1975). Duren v. Missouri described the three showings a criminal defendant must make to establish a prima facie violation of the Sixth Amendment's fair-cross-section requirement: "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of

such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." Duren v. Missouri, 439 U.S. 357, 364 (1979). Trial of an African-American by an all-white jury does not in and of itself satisfy these requirements. See, e.g., Berghuis v. Smith, ___ S. Ct. ___, 2010 WL 1189555 (Mar. 30, 2010).

While petitioner is an African-American, the transcript of the jury selection process (Doc. #90) does not reflect the race of the jury panel members or of the jurors selected. No objection was voiced by petitioner to the composition of either the jury pool or the particular jury selected to try his case. Petitioner's jury pool is not drawn from the City of Fort Myers, but from the six counties which comprise the Fort Myers Division of the Middle District of Florida (Charlotte, Collier, DeSoto, Glades, Hendry and Lee Counties). Petitioner has failed to establish the second and third requirements of Duren.

**B. Evidence Before Grand Jury**

Petitioner argues that his due process rights under the Sixth Amendment were violated when factually unsupported information was presented to the grand jury that returned his Indictment. Specifically, petitioner argues that it is disputed whether drugs and drug paraphernalia were found in a tan colored duffel bag, and therefore this evidence should not have been presented to the grand jury.

There is no requirement that the government only present undisputed facts to a grand jury, and neither due process rights nor rights under the Sixth Amendment are violated if contested evidence is presented to the grand jury. It is sufficient to hear only the prosecutor's side, and there is no duty to disclose exculpatory evidence to the grand jury. <u>United States v. Williams</u>, 504 U.S. 36, 51 (1992); <u>United States v. Kaley</u>, 579 F.3d 1246, 1266-67 (11th Cir. 2009). Additionally, the petit jury in this case had the benefit of the testimony of the officers and petitioner, and made its credibility determinations. As state in the Opinion and Order (Cr. Doc. #92) denying petitioner's Motion for New Trial, the two new affidavits add nothing of substance to the case. Contrary to petitioner's claim, there is no evidence as to the non-existence of a tan duffel bag, only the affidavits stating the two persons did not see such a bag. Both the officers and petitioner testified at trial as to the bag's existence, Cr. Doc. #79, pp. 36-37, 58-59, 62-63, 86, 108-109, 118, although petitioner now attempts to back away from his testimony. Petitioner has shown no basis for relief.

**C. Ineffective Assistance of Counsel**

The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing

-4-

professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). "As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009)). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690)). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. Further, "[s]trategic choices made after [a] thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Reed, 593 F.3d at 1240 (quoting Strickland, 466 U.S. at 690-91). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.

1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**(1) Failure to Make Rule 29 Motion:**

The record reflects that trial counsel failed to make an oral motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29 at the end of the government's case. Rule 29(a) of the Federal Rules of Criminal Procedure states that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." "A motion for judgment of acquittal is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir.

1994). Both the district court and the appellate court view the evidence in the light most favorable to the Government and draw all reasonable inferences in favor of the government. If, when so viewed, a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt, a Rule 29 motion must be denied. United States v. Frank, ___ F.3d ___, 2010 WL 890451, *7 (11th Cir. Mar. 15, 2010).

The evidence presented by the government established the existence of the tan duffel bag, and indeed was supported by petitioner's testimony before the jury. A reasonable jury could well find defendant guilty beyond a reasonable doubt, and counsel's performance was not deficient by failing to make such a motion. Additionally, no prejudice resulted to petitioner because such a motion would have been denied had it been made and that denial would have been upheld on appeal.

**(2) Failure to Seek Mental Evaluation:**

Petitioner also asserts that counsel was ineffective in failing to ask for a mental evaluation of petitioner because petitioner had previously been shot in the head and prior felony cases had been dismissed in state court against him. Petitioner asserts that he suffered from a severe diminished capacity.

The record reflects that petitioner was shot in the head in 2004. The only side effects as of the 2007 trial was that it took petitioner a little longer to process statements and he had difficulty quickly answering questions (Cr. Doc. #79, pp. 103-04).

-7-

The record does not suggest a lack of competency in 2007[2] or a need for a competency evaluation or hearing.[3] Nothing in the record, including the Court's observation of petitioner's testimony, triggered any need for an evaluation because of severe diminished

---

[2] It is well established that the conviction of a legally incompetent person violates due process. Pate v. Robinson, 383 U.S. 375, 378 (1966); Cooper v. Oklahoma, 517 U.S. 348, 354 (1996); Medina v. Singletary, 59 F.3d 1095, 1106 (11th Cir. 1995). Petitioner bears the burden of proving by a preponderance of the evidence that he was incompetent to stand trial or plead guilty. Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1259 (11th Cir. 2002); Watts v. Singletary, 87 F.3d 1282, 1290 (11th Cir. 1996). The test for competency to stand trial or plead guilty is the same: whether a defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether defendant has a rational as well as factual understanding of the proceedings against him. Dusky v. United States, 362 U.S. 402, 402 (1960); Godinez v. Moran, 509 U.S. 389, 396 (1993); United States v. Nickels, 324 F.3d 1250, 1252 (11th Cir. 2003); Tiller v. Esposito, 911 F.2d 575, 576 (11th Cir. 1990).

[3] A court has a due process obligation to conduct a competency hearing, even if not requested to do so, if there is reasonable cause to believe a defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Pate, 383 U.S. at 385; 18 U.S.C. § 4241. In order to trigger the trial court's obligation to order a competency evaluation and hearing, the court must have information raising a "bona fide doubt" as to the defendant's competency. Watts v. Singletary, 87 F.3d at 1287. This standard of proof is high, and the facts must positively, unequivocally, and clearly generate the bona fide doubt. Battle, 419 F.3d at 1299. Relevant information includes evidence of defendant's irrational behavior, demeanor at trial or in hearings, and prior medical opinion regarding his competence. Tiller, 911 F.2d at 576. If this procedural competency claim is not raised on direct appeal, it is procedurally defaulted. Battle, 419 F.3d at 1298.

capacity. Therefore, the Court finds no ineffective assistance of counsel in failing to seek a mental examination.

**(3) Failure to Contact Other Occupants of Vehicle:**

Petitioner asserts that his attorney was ineffective because he failed to contact the other two occupants in the vehicle, and if he had done so he could have obtained testimony that there was never a tan colored duffel bag in the vehicle. This argument is without merit.

The affidavits submitted by the two occupants do not state that no tan colored duffel bag was in the vehicle. Rather, both state that neither person saw such a bag. Indeed, petitioner's own testimony at trial was that there was a tan duffel bag, although petitioner testified it was not his bag (Cr. Doc. #79, pp. 108010, 118-19.) Given the information in the affidavits, counsel was not ineffective in failing to contact the two occupants.

**(4) Issues on Appeal:**

Petitioner argues that counsel failed to raise the issue of his own ineffectiveness as an issue on direct appeal, and instead raised only the issue of petitioner's actual innocence. Petitioner's innocence, or perhaps more precisely, the sufficiency of the government's proof of his guilt, was the issue in the case. This was raised on direct appeal. Petitioner has identified no other meritorious issue which should have been raised on appeal but were not. Indeed, in petitioner's Rebuttal, he states that it is

his "position that he is actually innocent of the charges before this court". (Cv. Doc. #14, p. 1.) There was no ineffective assistance of appellate counsel.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #84) is **DENIED** as to all claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

3. **CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**:

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of April, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
James Leonard Carter, Jr.