UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:06-cr-77-FtM-29DNF

JAMES LEONARD CARTER, JR.

_____

## ORDER GRANTING REDUCTION UNDER THE FIRST STEP ACT OF 2018

On January 29, 2019, the Federal Public Defender's Office was appointed to represent defendant James Leonard Carter, Jr. to determine whether a motion for reduction of sentence under Section 404 of the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) should be filed. (Doc. #100.) Pursuant to the Omnibus Order In Re: Section 404 of the First Step Act, 8:19-mc-10-T-23, and after review of the Memorandum issued by the United States Probation Office (Doc. #101), the Federal Public Defender's Office filed a Motion to Reduce Sentence Pursuant to The First Step Act of 2018 (Doc. #104). The Government filed a Response (Doc. #105) which concedes defendant is eligible for a sentence reduction, but argues for a substantially longer sentence than that requested by defendant, who seeks a time-served sentence.

For the reasons set forth below, the Court grants defendant's motion in part. The Court declines to impose a time-served sentence, and declines to conduct an evidentiary hearing or a full resentencing. The Court reduces defendant's sentence to 240

months imprisonment, followed by six years supervised release, plus all additional terms and conditions originally imposed.

## I.

On June 21, 2006 defendant was indicted for two federal offenses:  possession with intent to distribute 5 or more grams of crack cocaine (Count One), and possession with intent to distribute cocaine (Count Two).  (Doc. #1.)  On May 14, 2007, the government filed a Notice under 21 U.S.C. § 851 (Doc. #44) which asserted defendant had three prior felony drug convictions.  The effect of the prior convictions Notice was to raise the statutory penalty for Count One to a mandatory ten years to life imprisonment, followed by at least eight years supervised release.[1] The statutory penalty for Count Two continued to be up to 20 years imprisonment followed by at least three years supervised release.

Defendant was taken into federal custody on October 31, 2006, and was ultimately ordered detained by a magistrate judge.  On July 3, 2007, a jury found defendant guilty of both counts.  (Doc. #62.)

The Presentence Investigation Report (Doc. #101) found that 7.1 grams of crack cocaine was involved in Count One, and that 16.9 grams of powder cocaine was involved in Count Two.  Under the Sentencing Guidelines, defendant was only held accountable for the

---

[1] On September 10, 2007, the government filed an Amended Notice (Doc. #66) which eliminated one of the prior alleged drug convictions, and instead relied on two prior possession of cocaine convictions.  This amendment did not change the enhanced sentence.

7.1 grams of the crack cocaine, since the powder cocaine (and some marijuana found in defendant's possession) had no impact on the calculation of the Sentencing Guidelines. (Id., ¶ 21.)  Based on the quantity of crack cocaine, defendant's Sentencing Guidelines range would have been calculated based on a Base Offense Level of 26 and a Total Offense Level of 28. (Id., ¶¶ 22, 29.)  Since defendant's criminal history placed him in Criminal History Category VI, the resulting Sentencing Guidelines range would have been 140 to 175 months of imprisonment.  See U.S. Sentencing Guidelines Manual ch. 5 Pt. A, sentencing table (U.S. Sentencing Comm'n 2007).  Defendant, however, was determined to be a career offender, resulting in a total enhanced offense level of 37.  This increased defendant's Sentencing Guidelines range to 360 months to life imprisonment.  (Id., ¶¶ 30-33, 89.)

On October 22, 2007, defendant was sentenced to 360 months imprisonment as to Count One, and 240 months imprisonment as to Count Two, to be served concurrently.  The Court also imposed an eight-year term of supervised release as to Count One, and 3 years of supervised release as to Count Two, to be served concurrently. (Doc. #72.)

Defendant's convictions and sentences were affirmed on direct appeal.  United States v. Carter, 284 F. App'x 751 (11th Cir. 2008).  Defendant has not received any sentence reduction based upon prior Sentencing Guidelines amendments because his sentence was not based on the identity or quantity of the controlled

substance, but on his status as a career offender. (E.g., Docs. #98, ¶4; #99.) Defendant now seeks to have his sentence reduced based upon the First Step Act of 2018 (the First Step Act).

## II.

While a district court does not have inherent authority to reduce a previously imposed sentence, the First Step Act authorizes, but does not require, a sentence reduction for certain crack cocaine convictions.

> A district court lacks the inherent authority to modify a term of imprisonment. 18 U.S.C. § 3582(c); United States v. Puentes, 803 F.3d 597, 606 (11th Cir. 2015). But it may do so, as relevant here, to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). And the First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment.

United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020).

The First Step Act "granted district courts discretion to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act. See First Step Act § 404." Id. at 1297. This authority to reduce a sentence first requires that the offense of conviction was a "covered offense" under the First Step Act. The Eleventh Circuit has recently discussed this "covered offense" requirement:

> The First Step Act permits a district "court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed." First Step Act § 404(b). It defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act that was committed before August 3, 2010." Id. §

4

```
404(a).

. . . .

A movant's offense is a covered offense if section two
or three of the Fair Sentencing Act modified its
statutory penalties. Section two of the Fair
Sentencing Act, . . . modified the statutory penalties
for crack-cocaine offenses that have as an element the
quantity of crack cocaine provided in subsections
841(b)(1)(A)(iii) and (B)(iii). It did so by
increasing the quantity of crack cocaine necessary to
trigger those penalty provisions. See Fair Sentencing
Act § 2(a). So a movant has a "covered offense" if his
offense triggered a statutory penalty that has since
been modified by the Fair Sentencing Act.

. . . .

To determine the offense for which the district court
imposed a sentence, district courts must consult the
record, including the movant's charging document, the
jury verdict or guilty plea, the sentencing record,
and the final judgment. From these sources, the
district court must determine whether the movant's
offense triggered the higher penalties in section
841(b)(1)(A)(iii) or (B)(iii). If so, the movant
committed a covered offense.
```

Id. at 1297-1298, 1300-1301.

Although not relevant to defendant Carter's case, "a movant's satisfaction of the 'covered offense' requirement does not necessarily mean that a district court can reduce his sentence. Any reduction must be 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b)." Jones, 962 F.3d at 1303.

```
This "as-if" requirement imposes two limits relevant
to these appeals. First, it does not permit reducing
a movant's sentence if he received the lowest
statutory penalty that also would be available to him
under the Fair Sentencing Act. Second, in determining
what a movant's statutory penalty would be under the
Fair Sentencing Act, the district court is bound by a
```

> previous finding of drug quantity that could have been
> used to determine the movant's statutory penalty at
> the time of sentencing.

Id.  If the offense of conviction was a covered offense and the

"as if" requirements are satisfied, a district court has discretion

to grant or deny a sentence reduction.

> The Act makes clear that the relief in subsection (b)
> is discretionary: "Nothing in this section shall be
> construed to require a court to reduce any sentence
> pursuant to this section."

Id. at 1297-98.  This determination does not require defendant's

presence at an evidentiary hearing or a full resentencing.  United

States v. Denson, 963 F.3d 1080, 1087 (11th Cir. 2020).

### III.

**A. Covered Offense**

It is undisputed that defendant's conviction in Count One is

a "covered offense."  (Docs. #104, p. 12; #105, p. 4.)  In Count

One, defendant was convicted of possession with intent to

distribute five grams or more of crack cocaine. Because of

defendant's two prior felony drug convictions, the statutory

penalty for his offense was 10 years to life imprisonment.  See

21 U.S.C. § 841(b)(1)(B)(iii). After the Fair Sentencing Act, the

triggering amount for this mandatory range was raised from 5 grams

of crack cocaine to 28 grams of crack cocaine.  Thus, the statutory

range for the amount of crack cocaine defendant possessed would

have been zero to 30 years of imprisonment.  See id. § 841(b)(1)(C)

(2012); Denson, 963 F.3d at 1084-1085.   Thus, Count One is a

"covered offense" because defendant was sentenced for a crack

6

cocaine offense under § 841 for which the Fair Sentencing Act reduced the statutory penalties.  See Jones, 962 F.3d at 1303.

**B. Impact of Fair Sentencing Act.**

A sentence reduction for a "covered offense" may only be granted "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b).  Jones, 962 F.3d at 1303.  A sentence may not be reduced if defendant received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act. Id.  Additionally, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing.  Id. The Court agrees with defendant (Doc. #104, p. 12) that neither of these restrictions apply to defendant Carter.

**C. Court's Exercise of Discretion**

"District courts have wide latitude to determine whether and how to exercise their discretion in this context. In exercising their discretion, they may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." Jones, 962 F.3d at 1304.  The Court has considered the factors set forth in 18 U.S.C. § 3553(a), all of the factors identified by defendant, the Presentence Investigation Report, and the written submissions of the parties.

Defendant argues that he deserves a time-served sentence[2], followed by six years supervised release. The government agrees to a sentence reduction from 360 months imprisonment to 262 months imprisonment (the low end of the newly-calculated Sentencing Guidelines range), plus six years supervised release, but opposes any further reduction.

Defendant argues that he is exactly the type of individual contemplated by Congress for a reduced sentence. Defendant states:

> In light of the widespread recognition that the penalties for crack-cocaine offenses were overly harsh and created a disparate impact on African-American defendants, Congress enacted the Fair Sentencing Act of 2010, 124 Stat. 2372, to amend the statutory penalties for crack cocaine offenses. . . . Mr. Carter is one such defendant who has borne the consequence of the disparate drug sentencing policy that Congress now seeks to correct.

(Doc. #104, pp. 3-4.) While defendant is indeed a Black male whose case involved a relatively small quantity of crack cocaine, his lengthy sentence was premised on his significant criminal record, which qualified him as a career offender under the Sentencing Guidelines (and continues to do so). Despite the

---

[2]Defendant seeks a reduction of the powder cocaine sentence in Count Two as well as the Count One crack cocaine sentence. (Doc. #104, p. 3.) Count Two is not a covered offense. Since defendant has not completed the 240-month sentence on Count Two, a time served sentence would effectively reduce that sentence as well as the Count One sentence. While defendant does not discuss this, the Court assumes, without deciding, that it has the authority to do so because the Count Two sentence was part of a sentencing package which was driven by the crack cocaine Sentencing Guidelines calculation.

significant criminal history, defendant is eligible for a sentence reduction under the First Step Act, as discussed below.

Defendant argues that the Memorandum by the United States Probation Office erroneously states that the Court is limited to reducing the sentence to one which is within the newly-calculated Sentencing Guidelines range of 262 to 327 months of imprisonment. (Doc. #104, p. 3.)  The government recognizes the Court's ability to reduce the sentence below the newly-calculated Sentencing Guidelines range.  (Doc. # 105, pp. 4-5.)  The Court agrees that it has such discretionary authority.  While the Court must consider the revised Sentencing Guidelines range, the Court is not limited to imposing a sentence within that range.  "[N]either the First Step Act nor section 3582(c)(1)(B) bar[] the district court from reducing [a defendant's] sentence below the revised guideline range."  Jones, 962 F.3d at 1305.

Defendant argues that time-served is an appropriate sentence because the cost of his past and future incarceration is greatly in excess of the value of the crack cocaine he possessed.  (Doc. #104, p. 2.)  While it is certainly true that defendant has cost the taxpayers a substantial amount by his continuing criminal conduct, the Court finds no basis to require a correlation between the value of the contraband and the cost of incarceration in the determination of an appropriate punishment.  Under the facts of this case, the Court finds this argument is entitled to no weight.

As defendant recognizes, his criminal history has always been the most impactful factor.  The Presentence Investigation Report (Doc. #101) identifies defendant's criminal convictions as follows:

- In 1990, when defendant was 18 years old, he was convicted in state court of being an accomplice after the fact to attempted first degree murder.  Defendant was placed on probation, and was twice charged with violating that probation.  Defendant's probation was ultimately revoked and he was sentenced to three years in state prison.  (Id., ¶ 34.)

- In 1991, defendant was convicted of battery and resisting with violence.  He was placed on probation, subsequently violated that probation, and was sentenced to three and a half years in state prison concurrent with the prior sentence.  (Id., ¶ 35.)

- In 1992, defendant was convicted of sale of cocaine within 1,000 feet of a school and possession with intent to sell cocaine.  Defendant was sentenced to state prison, concurrent with the two prior sentences.  Upon his release from prison on May 19, 1995, defendant twice violated probation on this offense, and was returned to prison to serve a five-year sentence with 172 days credit.  (Id., ¶ 36.)

- In 1996, defendant was convicted of offering a counterfeit controlled substance for sale.  Defendant received a one year probation sentence.  (Id., ¶ 37.)

- In 1998, defendant was convicted of possession of cocaine, and sentenced to 21 months in state prison.  Defendant was released from prison on June 14, 2000.  (Id., ¶ 38.)

- Later in 2000, defendant was arrested for possession of cocaine with intent to sell and driving while license suspended.  Defendant was convicted of both offenses, and sentenced to 17 months in state prison on the cocaine conviction.  (Id., ¶ 39.)

- In 2001, defendant was convicted of possession of a dangerous drug, and sentenced to probation. (<u>Id.</u>, ¶ 40.)

- Later in 2001, defendant was convicted of possession of cocaine, resisting arrest without violence, and possession of drug paraphernalia. He was sentenced to 17 months in state prison. (<u>Id.</u>, ¶ 41.)

- In 2004, defendant was convicted of two cases of resisting arrest without violence, and was sentenced to jail time. (<u>Id.</u>, ¶¶ 42, 43.)

- In 2005, defendant was convicted of a misdemeanor possession of marijuana offense and fined. (<u>Id.</u>, ¶ 44.)

Defendant acknowledges that he has a "significant" criminal history (Doc. #104, p. 14), but argues that this is similar to many crack cocaine defendants in the Middle District of Florida. Assuming this is factually correct, the Court sees no reason to conclude that crimes committed by other individuals provide a basis for a reduction in Carter's sentence. Defendant scored in the highest Criminal History Category both because of his overall criminal history and his qualification as a career offender under the Sentencing Guidelines. Defendant's personal criminal history remains significant, and that significance has not changed since the time of the original sentencing.

Defendant acknowledges that he remains a career offender under the revised Sentencing Guidelines. (Doc. #104, p. 15.) Defendant argues, however, that the career offender status unnecessarily inflates the Sentencing Guidelines range, and that the Sentencing Commission has proposed changes for defendants whose career offender status is based only on drug offenses. (Doc.

#104, pp. 16-17.)   But the Sentencing Commission's recommended amendment has gone almost four years without adoption by Congress, and defendant remains a career offender under the current law.  If this is changed as defendant suggests, he may be able to seek relief under an amended Sentencing Guidelines.  As it stands now, this is not an area of the law which has changed since defendant's sentence was originally imposed.

Defendant also asserts that his post-conviction conduct in prison favors a significant reduction in his sentence.  Both defendant and the government agree that the Court may consider such post-conviction conduct, Pepper v. United States, 562 U.S. 476, 503-05 (2011), and the Court concurs.

During his imprisonment defendant has obtained his GED and completed at least nine educational courses.  Detracting from this positive conduct is defendant's disciplinary record, which includes four disciplinary actions between 2011 and 2017. Defendant's current placement at Jesup FCI seems to have gone well, with defendant receiving a favorable evaluation by the staff. (Doc. #104, p. 18.)

Defendant's reliance on the current COVID 19 pandemic does not, in the Court's view, favor a time-served sentence.  Defendant is in no different circumstance than most of his fellow inmates.

Defendant has been in custody since October 31, 2006, (approximately 152 months) and is now 48 years old.  Defendant's sentences were calculated based upon a relatively small quantity

of crack cocaine.   Defendant's criminal history is significant,
and the law addressing the treatment of his prior convictions has
not changed since defendant's original sentence.   Defendant's
post-conviction behavior is mixed, although the most recent
behavior seems headed in the right direction.   The Court declines
to grant defendant an evidentiary hearing or a full resentencing.
Denson, 963 F.3d at 1087-1088.   The Court, in the exercise of its
discretion, concludes that a sentence of 240 months imprisonment,
followed by six years supervised release, is sufficient but not
greater than necessary after considering all the relevant factors.

| James Leonard Carter, Jr. USM No. 34265-018 | Original Judgment | NEW Amended Judgment |
|---|---|---|
| Total Offense Level: | 37 | 34 |
| Criminal History Category: | VI | VI |
| Guideline Range in months: | 360 months to life(supervised release: 8 years and 3 years) | 262-328 months(supervised release: 6 years and 3 years) |
| Supervised Release Range in years | 8 | 6 |
| **SENTENCE** | **360** | **240** |
| **SUPERVISED RELEASE** | | **6 years** |

    Accordingly, it is hereby

    **ORDERED AND ADJUDGED:**

    1.   Defendant's Motion to Reduce Sentence Pursuant to The
First Step Act of 2018 (Doc. #104), filed by counsel, is **GRANTED**
in part as set forth below.

13

2.    Defendant's previously imposed sentence of imprisonment of **360** months is reduced to **240** months, followed by a reduced term of supervised release of **6** years.  Except as otherwise provided, all provisions of the judgment dated **October 23, 2007** shall remain in effect.

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of August, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
AUSA
Counsel of record
U.S. Probation
U.S. Marshal


Southeast Regional Office
Federal Bureau of Prisons
3800 Camp Creek Parkway, Bldg. 2000
Atlanta, GA 30331