UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS. CASE NO: 2:06-cr-77-JES-DNF

JAMES LEONARD CARTER, JR.

---

**ORDER**

This matter comes before the Court on defendant's letter motion for resentencing and for jail credit (Doc. #112) filed on August 8, 2022. Defendant seeks to be resentenced "under today's laws" as he argues that he is no longer a career offender under Concepcion v. United States, 142 S. Ct. 2389 (2022). Defendant also seeks credit for time served. No response has been filed and the time to respond has expired.

On June 21, 2006, a grand jury in Fort Myers returned an Indictment (Doc. #1) charging defendant with possession with intent to distribute 5 grams or more of crack cocaine and possession with intent to distribute cocaine. On July 3, 2007, the jury returned a Verdict (Doc. #62) of guilty on both counts. On October 22, 2007, the Court sentenced defendant to 360 months as to Count One and 240 months as to Count Two of imprisonment, to be served concurrently, followed by a term of supervised release. (Doc. #72.) The convictions and sentences were affirmed on

appeal. (Doc. #83.) On April 6, 2010, the Court denied relief under 28 U.S.C. § 2255. (Doc. #93.)

On October 5, 2015, the Court appointed the Federal Public Defender to consider whether a motion for reduction under Amendment 782 of the Sentencing Guidelines should be filed. (Doc. #96.) The Federal Public Defender's Office found it could not argue in good faith that defendant was entitled to a reduction in his sentence, and no relief was granted. (Doc. #99.)

On January 29, 2019, the Court again appointed the Federal Public Defender to review whether defendant may qualify for a reduction under Section 404 of the First Step Act. (Doc. #100.) On July 19, 2019, after considering the retroactive application of the Fair Sentencing Act of 2010, as authorized by the First Step Act, U.S. Probation issued a memorandum that defendant was eligible to a reduction in his sentence. The Amended Guidelines would reduce defendant's Offense Level to 34, down from 37, and lower the applicable range of imprisonment to 262 to 327 months, down from 360 months to life. Defendant was found to be a career criminal with a Criminal History Category of VI.[1] (Doc. #101.) On August 20, 2020, the Court found that Count One was a 'covered

[1] Contrary to defendant's assertion, he remains a career offender. The Chapter Four enhancements were for (1) sale of cocaine within 1,000 feet of a school, and possession of cocaine with intent to sell; (2) offering sale of a substance in lieu of another; and (3) possession of cocaine with intent to sell. (Doc. #101, ¶ 30.)

offense' because it was crack cocaine offense for which the Fair Sentencing Act reduced statutory penalties. (Doc. #106, pp. 6-7.) The Court considered the factors set forth in 18 U.S.C. § 3553(a), all of the factors identified by defendant, the Presentence Investigation Report, and the written submissions of the parties. (Id., p. 7.) The Court recognized its discretionary authority to reduce defendant's sentence:

> The government recognizes the Court's ability to reduce the sentence below the newly-calculated Sentencing Guidelines range. (Doc. #105, pp. 4-5.) The Court agrees that it has such discretionary authority. While the Court must consider the revised Sentencing Guidelines range, the Court is not limited to imposing a sentence within that range.

(Doc. #106, p. 9.) The Court declined to reduce defendant's sentence to time-served, as requested, after consideration of defendant's substantial criminal history. "Defendant's criminal history is significant, and the law addressing the treatment of his prior convictions has not changed since defendant's original sentence. Defendant's post-conviction behavior is mixed, although the most recent behavior seems headed in the right direction." (Id., p. 13.) Defendant's sentence of imprisonment was reduced to 240 months, followed by a reduced term of supervised release of 6 years.

Defendant appealed the Order granting in part relief under the First Step Act. On August 9, 2021, the Eleventh Circuit

affirmed, finding no abuse of discretion in reducing the sentence to 240 months rather than time served. The Eleventh Circuit reviewed the factors considered in reducing the sentence and the fact that the undersigned was also the initial sentencing judge. The Eleventh Circuit noted that the undersigned addressed post-conviction disciplinary behavior and criminal history "at length." (Doc. #110, p. 7.)

In Concepcion, the Supreme Court stated that district courts may consider intervening changes of law in fact in exercising their discretion to reduce a sentence under the First Step Act. Concepcion v. United States, 142 S. Ct. 2389, 2404 (2022).

> Put simply, the First Step Act does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence of violent behavior in prison counsels against providing relief. Nor does the First Step Act require a district court to make a point-by-point rebuttal of the parties' arguments. All that is required is for a district court to demonstrate that it has considered the arguments before it.

Id., 2404-05. Unlike Concepcion, the undersigned considered all of the non-frivolous arguments before resentencing defendant, and Concepcion does not entitle defendant to further relief.

Defendant also requests credit for time served. Only the Bureau of Prisons, as the designated agent of the Attorney General, has the authority to determine the amount of credit a federal

prisoner should receive or when a federal sentence begins. United States v. Wilson, 503 U.S. 329, 335-336 (1992); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990). Defendant does not state that relief was pursued with the Bureau of Prisons before seeking judicial assistance, and the process for seeking credit is well established.

Defendant must first pursue administrative remedies through the federal prison system, and if dissatisfied with the result, further administrative action may be taken. United States v. Lucas, 898 F.2d 1554, 1555 (11th Cir. 1990). See also Title 28, Code of Federal Regulations, Section 542.15 providing that:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a). After exhaustion of administrative appeals, "[a] claim for credit for time served is brought under 28 U.S.C. § 2241." United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). Section 2241 sets forth where such an

application would be filed based on the location of custody. 28 U.S.C. § 2241(d). As defendant does not state that he exhausted, that portion of the motion will be denied.

Accordingly, it is hereby

**ORDERED:**

Defendant's letter motion for resentencing and for jail credit (Doc. #112) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 19th day of September 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record